UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RUSS GUNN and MARILYN GUNN, )
)
    Plaintiffs, )
)
v. ) No.: 3:05-CV-201
) (VARLAN/SHIRLEY)
FLYING J, INC., )
)
    Defendant. )

**MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion for Summary Judgment [Doc. 17]. Plaintiffs Russ and Marilyn Gunn assert that Mr. Gunn was injured on April 8, 2004, when he slipped and fell on and into diesel fuel while filling up his truck at defendant Flying J, Inc.'s truck stop located on Watt Road in Knoxville, Tennessee. [Doc. 21 at ¶ 2.] Plaintiffs further allege that defendant is responsible for Mr. Gunn's injuries because defendant was negligent in failing to adequately maintain the area around the fuel pumps and in failing to warn plaintiffs of the dangerous condition thereon. [*Id.* at ¶ 3.] Defendant argues that even if it had actual or constructive notice of the alleged fuel spill, it took reasonable steps to prevent such spills and therefore is not liable for Mr. Gunn's injuries. [Doc. 24 at 1.] Plaintiffs argue there are genuine issues of material fact which preclude the entry of summary judgment.

The Court has carefully considered the parties' briefs and supporting materials [Docs. 18, 22, 24]. For the reasons set forth herein, defendant's motion will be denied.

## I. Summary of Facts

Plaintiffs Russ and Marilyn Gunn, professional truck drivers, stopped at defendant Flying J, Inc.'s Flying J Travel Plaza in Knoxville, Tennessee on April 8, 2004, to sleep, eat, and refuel their truck. [Doc. 22 at 1.] While refueling his truck at one of defendant's fuel islands, Mr. Gunn circled around the front of his truck, at which point "his feet went out from under him and he fell on and into diesel fuel, landing on his left shoulder sustaining injury." [*Id.* at 2.] Plaintiffs argue that defendant knew or should have known about the diesel fuel spill around the fuel island and was negligent and failing to "take corrective measures, properly maintain and warn the Plaintiffs of these dangers." [Doc. 21 at ¶ 3.]

Plaintiff filed suit on March 21, 2005 in the Circuit Court for Knox County, Tennessee seeking damages associated with the injury to Mr. Gunn's shoulder. [Doc. 1, Ex. A at ¶ 6.] On April 14, 2005, defendant filed notice of removal with this Court seeking removal on the basis of 28 U.S.C. § 1441. [Doc. 1.]

## II. Analysis

### A. Standard of Review

Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2

(1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

B.  <u>Premises Liability</u>

For a premises owner to be liable for a dangerous and defective condition on his property, the plaintiff must prove each element of negligence and either (1) that the condition was caused or created by the premises owner or his agent, or (2) if the condition was created by someone other than the owner or his agent, that the premises owner had actual or constructive notice of the dangerous or defective condition prior to the accident. *See Blair*

*v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). In its reply brief, defendant admits for the purposes of the pending motion that it had constructive notice of oil spills at the truck stop. [Doc. 24 at 1.] But defendant contends that it is nevertheless not liable for Mr. Gunn's injuries because it "took reasonable steps to prevent such spills." [*Id.*]

Defendant misstates Tennessee law when it claims that "if constructive notice of a dangerous condition is assumed, a property owner has a duty to take reasonable steps to remedy [the] commonly occurring dangerous condition."[1] [*Id.* at 2-3.] However, to make out a prima facie case for premises liability, plaintiffs must show that defendant created a hazardous condition causing injury, or had actual or constructive notice thereof. *Beske v. Opryland USA, Inc.*, 923 S.W.2d 544, 545-46 (Tenn. Ct. App. 1996). If this is successfully shown, the defendant cannot avoid negligence liability by arguing that it took reasonable steps to remedy the dangerous condition. What defendant tries to claim as negating liability is instead the duty of care a premises owner owes to their patrons. Specifically, a premises owner must maintain the premises in a reasonably safe condition by removing or repairing dangerous conditions or by helping customers avoid injury by warning them of such dangerous conditions. *See Blair v. Campbell*, 924 S.W.2d 75, 76 (Tenn. 1996). If the premises owner neither knew of the dangerous condition nor could have discovered the condition through the exercise of reasonable care, the premises owner will not be held liable for breaching his duty to exercise due care. *Rice v. Sabir*, 979 S.W.3d 305, 308-09 (Tenn.

---

[1] The Court notes that defendant appeared to be citing case law with this statement, but did not include a citation.

1998). But if, as here, the defendant had constructive notice of the dangerous condition at issue, no amount of "reasonable steps" will absolve them of their negligence.

**III.    Conclusion**

For the reasons set forth herein, the Court concludes that there are genuine issues of material fact which preclude the entry of summary judgment. Accordingly, defendant's motion for summary judgment [Doc. 17] is **DENIED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE