UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RUSS GUNN and MARILYN GUNN | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:05-CV-201 |
| | ) | | (VARLAN/SHIRLEY) |
| FLYING J, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **ORDER**

This civil action is before the Court on defendant's Motion to Reconsider Denial of Motion for Summary Judgment [Doc. 42] in which defendant contends that this Court incorrectly stated Tennessee law on the nature and extent of duty of care owed by a defendant in a premises liability action in its Memorandum Opinion [Doc. 33] and that defendant's motion for summary judgment should be granted. The Court has carefully considered defendant's arguments as presented in the motion for reconsideration, as well as the previously filed pleadings concerning defendant's motion for summary judgment [Docs. 18, 22, 24]. For the reasons set forth herein, defendant's motion [Doc. 42] is granted in part and denied in part.

To the extent that the Court's previous memorandum opinion was unclear, defendant's motion is **GRANTED in part** in order for the Court to clarify its opinion. To survive summary judgment in a premises liability action, a plaintiff must prove either (1) that the condition in question was caused or created by the owner or his agent, or (2) if the condition

was created by someone other than the owner or his agent, that the premises owner had actual or constructive notice of the defective condition prior to the accident. *See, e.g.*, *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004); *Longmire v. The Kroger Co.*, 134 S.W.3d 186, 189 (Tenn. Ct. App. 2003). Here, defendant admits for the purposes of the pending motion that it had constructive notice of oil spills at the truck stop [Doc. 24 at 1] and plaintiffs have therefore made out a prima facie case for premises liability. Defendant can ultimately avoid liability if it proves it took reasonable steps to remedy this commonly occurring dangerous condition. *Blair*, 130 S.W.3d at 766. However, the Court believes there are sufficient questions of fact regarding whether defendant took reasonable steps to remedy the oil spills at its facility such that a grant of summary judgment for defendant would be inappropriate. *See Rains v. Bend of the River*, 124 S.W.3d 580, 588 (Tenn. Ct. App. 2003) (noting that "questions regarding breach of duty...are ordinarily questions of fact for the jury"). Accordingly, in so much as defendant's motion requests that the Court enter summary judgment in its favor, the motion is **DENIED in part**.

    IT IS SO ORDERED.

                                s/ Thomas A. Varlan
                                UNITED STATES DISTRICT JUDGE